Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

Lindsay David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2888 Loker Avenue East, Suite 302
Carlsbad, CA 92010
Telephone: (760) 730-9408
Facsimile: (760) 888-3575

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN MORENO, on behalf of himself and all others similarly situated, | Case No. **'19CV0185 GPC LL** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| BEACON ROOFING SUPPLY, INC. , a Virginia Corporation, | 1. FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802) 2. UCL VIOLATIONS (BUS. & PROF. CODE § 17200 ET SEQ.) |
| Defendant. | **JURY TRIAL DEMAND** |

Plaintiff Alan Moreno, on behalf of himself and all others similarly situated, complains and alleges as follows:

## I.    NATURE OF ACTION

1.     This is a putative class action under California Code of Civil Procedure § 382, seeking reimbursement for business expenses, and interest thereon; declaratory relief; equitable relief; penalties, and reasonable attorneys' fees and costs under California Labor Code § 2802, Code of Civil Procedure § 1021.5, and Business and Professions Code § 17200, et seq., on behalf of plaintiff and all other individuals who are or have been employed as Delivery Drivers by Defendant Beacon Roofing Supply, Inc. (hereafter "Beacon" or "Defendant"), in California during the four years prior to the filing of this action.

2.     Plaintiff and similarly situated Delivery Drivers employed by Defendant during the Class Period as defined below (hereinafter "Class" or "Class Members") are delivery drivers who paid out-of-pocket business expenses reasonably necessary for the performance of their jobs, for which they were not reimbursed.  Plaintiff and the Class seek damages and restitution of all unjust enrichment Defendant enjoyed from its failure to reimburse business expenses.

3.     The "Class Period" is designated as the period from January 28 2015 through the date the Court grants class certification. The violations of California's employee expense reimbursement law, as described more fully below, have been ongoing for at least the past four years, are continuing at present, and will continue unless and until enjoined by the Court.

4.     Plaintiff and Class Members are or were engaged in the deliveries on behalf of Beacon in California. These deliveries required Class Members to use their personal cell phones for among, other things calling Defendant's clients, using navigation, and using the smart phone application to record their time. Plaintiff and similarly situated Delivery Drivers are expected by Defendant to pay, and have personally paid, expenses

incurred using their personal cell phones. Defendant has willfully failed and refused to timely and fully reimburse Plaintiff and other present and former Delivery Drivers for these business expenses that were incurred in the regular course of their duties as Defendant's Delivery Drivers, as required by Labor Code § 2802.

## II.    JURISDICTION

1.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5 million and because minimum diversity is met since at least one party is diverse from Beacon.

2.    This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

## III.    VENUE

3.    Venue as to Defendant is proper in San Diego County because Defendant maintains locations in San Diego County and Defendant is otherwise within the Court's jurisdiction for service of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Diego County. Defendant has employed Class Members in San Diego County, who have also incurred unreimbursed business expenses while conducting Defendant's business in San Diego County in the State of California during the Class Period.

## IV.    PARTIES

1.    **Plaintiff**: Alan Moreno resided in San Diego County, California throughout his employment with Beacon; was employed by Beacon as a delivery driver; was required to use his personal cell phone in order to fulfill his job duties; and was not reimbursed for the use of his personal cell phone.

2.    **Defendant:** Beacon Roofing Supply, Inc. is a corporation that is authorized to conduct and is actually conducting business in the State of California. Beacon employs individuals throughout California.  Beacon's alleged acts were authorized, directed or accomplished by its agents, officers, employees or representatives, while actively engaged

in the operation and management of its business.

**V.    BACKGROUND**

3.    Defendant operates, and at all times during the liability period, has done business in San Diego County, California and throughout California.

4.    Since at least four years prior to the filing of this action, Defendant has maintained business expense policies and/or practices that deny lawful reimbursement and/or compensation to its Delivery Drivers. Those policies and/or practices require, and/or with knowledge thereof permit, Delivery Drivers to pay for expenses incurred in direct consequence of discharging their duties on behalf of Defendant, including using their personal cell phones in order to call Defendant's clients, navigate to delivery locations, and use a smart phone application to log their hours.

5.    Defendant has maintained these same business expense policies and/or practices or substantially similar ones throughout the Class Period.

6.    Defendant is aware that Delivery Drivers regularly incur business expenses in the discharge of their duties as employees.  Defendant nevertheless fail and refuse to reimburse Delivery Drivers for such business expenses incurred by them in their work as they deliver Defendant's products to Defendant's clients at locations throughout California.

7.    Plaintiff and Class Members have been harmed by Defendant's unlawful business expense policies and/or practices in that they have not been paid for certain business expenses incurred while employed by Defendant, as alleged above, thereby diminishing their agreed-upon compensation in amounts to be proven at trial.

**VI.    CLASS ALLEGATIONS**

8.    Plaintiff brings this action on behalf of himself and all others similarly situated individuals composed of and defined as follows:

> All persons who are or have been employed, at any time from
> January 28, 2015 through the date of the Court's granting of
> class certification in this matter, by Beacon Roofing Supply,

Inc. in California under the job title of delivery driver or in another similar position (collectively "Delivery Drivers" or "Class Members."

9.    **Amendments:**  Plaintiff reserves the right to amend or otherwise alter the class definition or to propose subclasses in response to facts learned through discovery, legal arguments or otherwise.

10.    **Ascertainablity:**  The class is ascertainable in that each member can be identified using information contained in Beacon's payroll and personnel records.

11.    **Common Questions of Law or Fact Predominate:**  There is a well-defined community of interest in the questions of law and fact affecting the class and collective. The questions of law and fact common to the class and collective predominate over questions that may affect individual members.  These questions of law and fact include:

    i.    Whether Plaintiff and Class Members have incurred unreimbursed business expenses in the discharge of their duties as employees, included but not limited to expenses for such items as personal use of their cell phone.

    ii.    Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiff and Class Members incurred such business expenses in the discharge of their duties as employees.

    iii.    Whether Defendant failed and/or refused to reimburse, fully or at all, business expenses incurred by Plaintiff and Class Members in the discharge of their duties.

    iv.    Whether Defendant's failure to reimburse business expenses incurred by Plaintiff and Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant.

    v.    Whether Defendant violated Labor Code § 2802 by denying Plaintiff and other Class Members reimbursement for their business expenses.

    vi.    Whether Defendant violated Business and Professions Code § 17200

by failing to pay business expenses for Plaintiff and Class Members.

vii.   The proper formula(s) for calculating restitution, damages, and interest owed to Plaintiff and the Class Members.

**12.   Numerosity:**  The class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes the class consists of at least one hundred individuals, making individual joinder impracticable.

**13.   Typicality:**  Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses

**14.   Adequacy:**  Plaintiff will fairly and adequately represent and protect the class' interests in that he has no disabling conflicts of interest that would be antagonistic to the class.  Plaintiff seeks no relief that is antagonistic or adverse to the class and the infringement of the rights and the damages he suffered is typical of all other members. Plaintiff retained competent counsel, experienced in class action litigation and employment law, and intends to prosecute this action vigorously.

**15.   Superiority:**   The class action format is a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class because:

i.   The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

ii.   This case essentially involves a single employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

iii.   If each class member was required to file an individual lawsuit, Beacon would gain an unconscionable advantage since it would be

able to exploit and overwhelm each class member's limited resources with its vastly superior financial and legal resources;

iv.   The costs of individual suits could unreasonably consume the amounts that would be recovered;

v.    Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

vi.   Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the class and will establish the right of each of the members to recover on the causes of action alleged; and

vii.  Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

**16.    Notice:**  Notice to the class may be made by first-class mail addressed to all persons who have been individually identified by Beacon through access to its payroll and personnel records.  Alternatively, if Beacon cannot produce certain class members' names and addresses, those class members may be notified by publication in the appropriate media outlets, and by posting notices in Beacon's places of business.

## VII.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Failure to Reimburse for Business Expenses**
**(Labor Code § 2802)**

**17.**    Plaintiff re-alleges and incorporates all preceding paragraphs.

**18.**    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

**19.**    In order to discharge their sales-related duties for Defendant, Plaintiff and similarly situated Delivery Drivers were required and/or expected by Defendant to use their own personal cell phones for work-related tasks. However, Defendant did not fully pay for expenses incurred as a result of Plaintiff and Class Members' use of their own personal cell phones.

**20.**    Plaintiff and similarly situated Delivery Drivers are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

**21.**    As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 2802(c).

**22.**    Plaintiff, on behalf of himself and Class Members, request relief as described below.

**SECOND CLAIM FOR RELIEF**
**Unlawful Business Practices**
**(Bus. & Prof. Code § 17200)**

**1.**    Plaintiff re-alleges and incorporates all preceding paragraphs.

**2.**    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful or unfair business practices.

**3.**    Beacon engaged in unfair competition within the meaning of the UCL. Beacon 's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

**4.**    The acts, omissions, and practices of Beacon as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

**5.**    Throughout the class period, Beacon has engaged in "unlawful" business acts and practices based on the policies and practices described above for the nonreimbursement of business expenses.

**6.**    Throughout the class period, Beacon also engaged in "unfair" business acts or practices in that the harm caused by Beacon's failure to reimburse business expenses.

Moreover, that conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the class, and provides Beacon with an unfair competitive advantage over those employers that abide by the law and properly compensate their employees in accordance with the law.

7.      Plaintiff reserves the right to allege other violations of California law that constitute unlawful acts or practices.

8.      As a result of the conduct described above, Beacon has been and will be unjustly enriched at the expense of Plaintiff and the class.  Specifically, Beacon has been unjustly enriched by the retention of expense reimbursements and wrongfully withheld from Plaintiff and the class.

9.      Beacon failed to acknowledge the wrongful nature of their actions.  Beacon has not corrected their policies and practices or provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Plaintiff and the class the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

10.     Pursuant to the Section 17203 of the California Business & Professions Code, Plaintiff and the class seek a court order requiring Beacon to disgorge all ill-gotten gains and awarding Plaintiff and the class full restitution of all monies wrongfully acquired by Beacon by means of such "unlawful" and "unfair" conduct, plus interest and attorney's fees under Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Plaintiff and the class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Beacon.  Plaintiff and the class additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Plaintiff and the class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

11.     Pursuant to Section 17203 of the California Business & Professions Code, Plaintiff and the class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Beacon to ensure the repayment of business expenses.

## VIII.  PRAYER

12.  Plaintiff prays for judgment as follows:

A.    An order certifying the class and designating Plaintiff as the Representative and Plaintiff's counsel as Class Counsel.

B.    That the Court preliminarily and permanently enjoin Beacon from engaging in the conduct alleged herein;

C.    Other injunctive and declaratory relief as may be appropriate;

D.    Restitution and disgorgement of owed expense reimbursements, together with interest thereon from the date of payment;

E.    For statutory damages, liquidated damages, and penalties according to proof;

F.    For general damages in the form of owed business expenses;

G.    A declaration that Beacon is financially responsible for notifying all class members of the pendency of this action;

H.    Reasonable costs and attorneys' fees;

I.    Statutory pre-judgment interest; and

J.    For such other relief as the Court may deem proper.

## IX.  JURY DEMAND

13.  Plaintiff demands a jury trial for all triable claims.

Dated: January 28, 2019                    AMARTIN LAW
                                           BRENNAN & DAVID LAW GROUP


                                           By: s/ Lindsay C. David
                                               LINDSAY DAVID
                                           Attorneys for Plaintiff and the Class